UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLTON V. MOSLEY,

Plaintiff,

v.

NANGALAMA, et al.,

Defendants.

No. 2:13-cv-0270 KJN P

ORDER

Plaintiff is a state prisoner at California State Prison-Sacramento (CSP-SAC), who proceeds without counsel and in forma pauperis, in this civil rights action filed pursuant to 42 U.S.C. §1983. This action proceeds on the original complaint (ECF No. 1), on the following claims, as found by this court upon initial screening under 28 U.S.C. § 1915(A):

> The complaint appears to state potentially cognizable claims for relief pursuant to 42 U.S.C. § 1983, and 28 U.S.C. § 1915A(b), based on plaintiff's allegations that defendants Dr. A. Nangalama, M.D., Ph.D., and RN Linggi, Appeal Nurse, were deliberately indifferent to plaintiff's serious medical needs, specifically, plaintiff's alleged need for increased pain medication, and for replacement orthotic shoes; plaintiff's original orthotic shoes were medically prescribed but allegedly misplaced by custody staff on August 7, 2010 (see Dkt. No. 1 at 26). Plaintiff seeks money damages, replacement orthotic shoes, and increased pain medication. The court will order service of process on defendants Nangalama and Linggi on these Eighth Amendment claims.

(ECF No. 6 at 2 (fn. omitted).) Due to the limited and straightforward nature of plaintiff's claims,

the court noted upon screening that it appears that "these matters may be resolved informally, and encourages defendants to pursue this alternative." (Id. at n.1.) Nevertheless, the following discovery matters now require resolution.

1. Modification of Deadlines

All parties request modification of the discovery and dispositive motion deadlines. (ECF Nos. 23, 31.) The discovery deadline expired on November 15, 2013; the dispositive motion deadline is February 7, 2014. (ECF No. 21.)

The following discovery disputes demonstrate good cause for extending these deadlines. Accordingly, the discovery deadline is extended to March 15, 2014, and the dispositive motion deadline is extended to May 24, 2014.

2. Defendants' Motion to Compel Plaintiff's Attendance at His Deposition; and Cross-Motions for Costs

Defendants state that, on October 30, 2013, they served plaintiff by mail with notice that his deposition would be taken at 10:00 a.m., on November 8, 2013. Plaintiff served no objections or motions to limit or terminate his deposition. Moreover, plaintiff submitted a request to prison officials that his deposition be videotaped. However, plaintiff did not appear for his scheduled deposition. Defendants assert that plaintiff was away from his cell and refused to answer when called on the yard. As set forth in the declaration of defendants' counsel, Deputy Attorney General William J. Douglas (ECF No. 23-2 at 2, ¶4):

> Correctional Officer B. Smith informed me that when staff went to Mosley's cell to escort him to the deposition room, Mosley was not there. The Control Officer said that Mosley had gone to the prison law library. Staff went to the prison law library but Mosley was not there. Staff paged Mosley through the exercise yard loudspeaker system, but Mosley did not respond.

The transcript of the abandoned deposition contains the 10:46 a.m. statement of defendants' counsel that he had been "informed by Officer B. Smith that they checked with the cell block where [plaintiff] was and spoke to the control officer, who then informed them that inmate Mosley was at the law library. They went to the law library and checked with the law

librarian, who told them that inmate Mosley was not there. And then they did a call through the tower, which is a speaker system that goes out onto the yard, asking for Mr. Mosley, and Mr. Mosley did not appear. So I'm going to be requesting a court order for his appearance." (ECF No. 23-5 at 5.)

Plaintiff responds, with supporting documentation, that he fully intended to attend his deposition, and made a timely effort to do so. Plaintiff states that, on November 6, 2013, he submitted a request that his deposition be audio or video recorded; that, on November 8, 2013, he went to the law library from 8:00 to 10:00 a.m.; that, at 10:00 a.m., he "made himself available by coming to the Watch Office and talked to Sgt. Cross and C/O Hester regarding the deposition." (ECF No. 31-1 at 3; ECF No. 31-2 at 2.) Plaintiff made the following explanation in an unprocessed Inmate Request Form (entitled by plaintiff as "Refused Deposition"), addressed to Sgt. Cross, who allegedly refused to sign the form:

> On November 8, 2013, I had an (sic) Disposition hearing at 10:00A.M. with the Deputy Attorney General William Douglas. Upon leaving my Library-PLU ducat, I approached the Watch Office regarding this issue. I ask you did anyone call me for my visit. You said No. I ask you could I go back to my block to take my canteen to my cell. I inform my block officer of my visit, and went and lock it up.

(ECF No. 31-2 at 11; see also ECF No. 31-1 at 2.)

In reply, defendants reiterate that plaintiff allegedly "made himself unavailable by leaving his cell and then he refused to answer when called on the yard." (ECF No. 33 at 2.) Defendants seek an order requiring plaintiff to pay the costs incurred by his alleged failure to attend the November 8, 2013 deposition. Defendants seek attorneys' fees in the amount of $892.50, and court reporter fees in the amount of $260.00, for a total request of $1,152,50.

In response, plaintiff also seeks costs in the amount of $1,152.50, due to defendants' alleged failure to ensure that plaintiff was able to attend his deposition. (See ECF No. 31 at 2.)

The Federal Rules authorize a party to notice the deposition of another party without leave of court. Fed. R. Civ. P. 30(a)(1). The notice must be in writing, and set forth the time and place of the deposition. Fed. R. Civ. P. 30(b)(1). If the intended deponent fails to attend or proceed with the deposition, the noticing party "may recover reasonable expenses for attending, including

attorney's fees. . . ." Fed. R. Civ. P. 30(g). Sanctions, including an award of expenses and fees, may also be awarded, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

It is undisputed that defendants complied with the notice requirements of Rule 30(b)(1), and that plaintiff received reasonable notice of his November 8, 2013 deposition. However, the parties reasonably dispute the reason or cause for plaintiff's failure to attend his deposition. Viewing this dispute in the light most favorable to plaintiff, as this court must, the undersigned is persuaded that plaintiff's failure to attend his deposition was unintended and, apparently, despite his reasonable efforts.[1]

Therefore, both motions for costs will be denied. The extended discovery deadline will accord defendants adequate time to notice and convene a second deposition for plaintiff, after January 25, 2013.[2] Plaintiff is directed to attend and fully participate in this deposition. Plaintiff is encouraged to facilitate his attendance by informing the appropriate institutional officials of the deposition when it is noticed, and the day before the deposition, so that appropriate arrangements can be made.

3. Plaintiff's Motions to Compel Answers to Interrogatories

Plaintiff moves for an order compelling defendants Nangalama and Linggi to fully answer Plaintiff's Interrogatories, Set Two, allegedly served on defendants by mail on November 15, 2013. (ECF No. 24.) This motion was signed by plaintiff on the same date (November 15, 2013), and entered on the court's docket on November 19, 2013.

Defendants object on the ground that the subject interrogatories were untimely served. Defendants explain (with supporting exhibits) that the subject discovery, plaintiff's Second Set of

---

[1] It may be that CSP-SAC lacks a dependable routine for ensuring that prisoners appear for their scheduled depositions. This possibility is underscored by the belated November 18, 2013 response to plaintiff's November 6, 2013 request that his deposition be recorded, which provided in full: "You need to contact the Attorney General with this question. November 8, 2013 is already passed – this is a moot point." (ECF No. 31-2 at 9.)

[2] This period of time will permit plaintiff the opportunity to review defendants' further discovery responses ordered herein, before proceeding with his deposition.

Interrogatories, apparently served only on defendant Nangalama, was mailed on October 15, 2013, one month after the time authorized for propounding discovery pursuant to the court's scheduling order (ECF No. 21). Pursuant to that order, all discovery should have been propounded no later than September 16, 2013.[3]

Defendants further object on the ground that the total number of interrogatories propounded on defendant Nangalama exceeds the number authorized by Rule 33(a)(1), Federal Rules of Civil Procedure. Rule 33(a)(1) provides:

> Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

Defendants state, with supporting exhibits, that plaintiff's First Set of Interrogatories served on defendant Nangalama contained 27 interrogatories; while plaintiff's Second Set of Interrogatories served on the same defendant contained 25 interrogatories. (ECF No. 27 at 2.)

Plaintiff has provided the court only with a copy of his First Set of Interrogatories served on defendant Nangalama; defendants have provided a copy of only the last page of plaintiff's Second Set of Interrogatories served on Nangalama. Because the court is unable to assess the relevance and priority of the proposed additional interrogatories, and because plaintiff did not obtain leave of court to belatedly serve an excessive number of interrogatories, plaintiff's motion to compel answers to interrogatories (ECF No. 24), is denied.

4. <u>Plaintiff's Motion to Compel Production</u>

Plaintiff moves for an order compelling defendants Nangalama and Linggi to produce documents responsive to Plaintiff's Request for Production, allegedly served on defendants by mail on November 8, 2013. (ECF No. 24.) This motion was signed by plaintiff on the same date

---

[3] The Scheduling Order provided in pertinent part (ECF No. 21 at 5 (emphasis added)):

> **The parties may conduct discovery until November 15, 2013**. Any motions necessary to compel discovery shall be filed by that date. **All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.**

(November 8, 2013), and entered on the court's docket on November 19, 2013.

Defendants object on the ground that the subject request for production (Second Set) was untimely served. Defendants explain that the request was mailed on October 15, 2013, one month after the time authorized for propounding discovery pursuant to the court's scheduling order (ECF No. 21).

Review of plaintiff's apparent production requests, repeated in his motion, demonstrates that they are overbroad.[4] This finding, together with the belated service of this request, supports denial of plaintiff's motion. Therefore, plaintiff's motion to compel further production (ECF No. 25), is denied.

5. Plaintiff's Motion to Compel Responses to Admission Requests

Plaintiff moves for an order compelling defendants Nangalama and Linggi to fully answer Plaintiff's Requests for Admissions, Sets Two, served on defendants by mail on October 14, 2013. (ECF No. 30.) This motion was signed by plaintiff on December 3, 2013, and entered on the court's docket on December 5, 2013.

Defendants object only on the ground that the subject requests were untimely served; as previously noted, pursuant to the court's scheduling order, all discovery should have been propounded no later than September 16, 2013.

Plaintiff has submitted a copy only of the Request for Admissions, Set Two, served on defendant Nangalama. (See ECF No. 30 at 5-14.) Review of those six requests indicates that

---

[4] Plaintiff states that he is seeking the following documents (ECF No. 25 at 1-2):

> 1. Any and all grievances or inmate appeals that I have submitted which concern, in any manner whatsoever, the subject matter of his lawuit. [Plaintiff should be able to obtain this information from his Central File.]
>
> 2. All document[s] that support your allegation against the defendants (sic) in this lawsuit.
>
> 3. All written statement[s] that you have received from any person concerning the issues that I claim are the subject matter of this lawsuit.

they are relevant to the claims in this action, and not apparently burdensome to answer.

In light of these considerations, and because the period of discovery is extended by this order, plaintiff's motion to compel responses to his Request for Admissions, Set Two, served on defendant Nangalama (ECF No. 30), is granted. Defendant Nangalama shall serve his responses within 30 days[5] after the filing date of this order.

6. Plaintiff's Motion for an Order Authorizing the Defendants' Depositions by Written Questions

Plaintiff requests leave of court to propound written deposition questions to each defendant. Because the circumstances of this case do not present an exception, see Fed. R. Civ. P. 31(a)(2), plaintiff is entitled to depose defendants by written questions without obtaining leave of court, see Fed. R. Civ. P. 31(a)(1).

Defendants object only on the ground that the deposition questions were untimely served.

Plaintiff has submitted a copy the subject deposition questions which were served, respectively, on each defendant. (See ECF No. 30 at 5-14.) Review of these questions (10 questions directed to defendant Nangalama, and 10 questions directed to defendant Lingga), indicates that they are potentially relevant to the claims in this action, and do not appear particularly burdensome to answer.

In light of these considerations, and because the period of discovery is extended by this order, the court construes plaintiff's motion as one for an order requiring defendants to answer plaintiff's belatedly served written deposition questions. Plaintiff's motion (ECF No. 26), is granted. Defendants Nangalama and Lingga shall serve their respective answers to plaintiff's written deposition questions within 30 days after the filing date of this order.

7. Admonition

The extension of the discovery deadline, until March 15, 2014, will permit the parties to propound further discovery up to, but no later than, January 14, 2014. Leave of court is not required to propound discovery requests. Neither discovery requests nor responses should be

[5] This extended period is in deference to defense counsel's need to contact defendants during the holiday season.

filed with the court unless a party is reasonably dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Informal resolution of discovery disputes by the parties is encouraged.

8. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The discovery deadline in this action is extended to March 15, 2014.

2. The dispositive motion deadline in this action is extended to May 24, 2014.

3. Defendants' motion to compel plaintiff's personal attendance at a rescheduled deposition (ECF No. 23) is granted; plaintiff's deposition shall be rescheduled after January 25, 2014.

4. Plaintiff's motion for an extension of time (ECF No. 29) within which to file an opposition to defendants' motion is denied as moot.

5. Plaintiff's motion to compel (ECF No. 31), which addresses defendants' motion to compel plaintiff's attendance at a rescheduled deposition, is also denied as moot.

6. The motions for costs (ECF Nos. 23, 26) are denied.

7. Plaintiff's motion to compel answers to interrogatories (ECF No. 24) is denied.

8. Plaintiff's motion to compel further production (ECF No. 25) is denied.

9. Plaintiff's motion to compel responses to his Request for Admissions, Set Two, served on defendant Nangalama (ECF No. 30) is granted; defendant Nangalama shall serve his responses within 30 days after the filing date of this order.

10. Plaintiff's motion to compel defendants to answer plaintiff's written deposition questions (ECF No. 26) is granted; defendants Nangalama and Lingga shall serve their respective answers to plaintiff's written deposition questions within 30 days after the filing date of this order.

SO ORDERED.

Dated: December 16, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mosl.0270.disc