UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON V. MOSLEY, | No. 2:13-cv-00270-KJN P |
| Plaintiff, | |
| v. | ORDER |
| ANDREW NANGALAMA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner at California State Prison-Sacramento (CSP-SAC), who proceeds without counsel and in forma pauperis, in this civil rights action filed pursuant to 42 U.S.C. §1983. This action is referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and Local Rule 302(c).

This action proceeds on the original complaint (ECF No. 1), on plaintiff's Eighth Amendment claims that defendants were deliberately indifferent to plaintiff's serious medical needs. Discovery closes on March 15, 2014; dispositive motions are to be filed by May 24, 2014. (ECF No. 34.)

Pending is plaintiff's motion for preliminary injunctive relief, filed January 27, 2014. (ECF No. 36.) Plaintiff seeks an order of this court directing CSP-SAC to install a new computer system in the C-Facility law library. Plaintiff states that the old computers were removed on January 7, 2014, and new computers were scheduled to be installed on January 9, 2014.

1

1   However, as of January 24, 2014, the new computers had not been installed, and no pertinent
2   legal materials were available in hard bound books.  Plaintiff asserts, inter alia, that he and other
3   inmates have suffered irreparable harm, by missing court deadlines, and are being denied their
4   constitutional right to access adequate legal materials.  Plaintiff asserts that his motion meets the
5   threshold criteria set forth in Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20
6   (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on
7   the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
8   balance of equities tips in his favor, and that an injunction is in the public interest.").

9      Plaintiff is informed that a preliminary injunction should not issue unless necessary to
10  prevent threatened injury that would impair the court's ability to grant effective relief in the
11  pending action in which the motion was filed.  Fed. R. Civ. P. 65; Sierra On-Line, Inc. v. Phoenix
12  Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863
13  (9th Cir. 1989).  "Unrelated claims against different defendants belong in different suits[.]"
14  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Thus, absent actual and specific injury, or
15  clearly prospective injury, to plaintiff on the merits of *this action*, his motion is likely irrelevant to
16  preserving the status quo herein.  Nevertheless, the court will direct further briefing on the
17  relevance of plaintiff's motion to the merits of this action.

18     Although defendants were served with plaintiff's motion (see ECF No. 36 at 8), they did
19  not file a response.  Defendants' counsel, in consultation with CSP-SAC officials, is directed to
20  file and serve a response to plaintiff's motion.  The response shall state whether the new computer
21  system has been installed in the C-Facility law library at CSP-SAC and, if so, identify the date
22  that it became fully functional and reasonably available to inmates; if the system has not yet been
23  installed, defendants' counsel shall so state, and provide an explanation for the delay, the
24  anticipated date of installation, and alternative arrangements made for inmates to access legal
25  materials.  Plaintiff is directed to file a reply that details any alleged injury to plaintiff in this
26  action.
27  ////
28  ////

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants shall, within seven (7) days after the filing date of this order, file and serve a statement in response to plaintiff's motion that explains the status of the new computer system at the CSP-SAC C-facility law library, as set forth above.

2. Plaintiff shall, within seven (7) days after service of defendants' response, file and serve a reply that includes a detailed description of any injury that plaintiff has allegedly suffered, or will suffer, in this action due to the delay in the subject computer installation.

SO ORDERED.

Dated:  February 26, 2014

/mosl.0270.tro.fb

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE