UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON V. MOSLEY, | No. 2:13-cv-00270-KJN P |
| Plaintiff, | |
| v. | ORDER |
| ANDREW NANGALAMA, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner, incarcerated at California State Prison-Sacramento (CSP-SAC), who proceeds in forma pauperis and without counsel in this civil rights action filed pursuant to 42 U.S.C. §1983. This action proceeds on the original complaint, on plaintiff's claims that defendants were deliberately indifferent to plaintiff's serious medical needs. This action is referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and Local Rule 302(c).

    Pending is plaintiff's motion for preliminary injunctive relief, filed January 27, 2014 (ECF No. 36), which seeks an order of this court directing officials at CSP-SAC to expedite the installation of the new computer system in the C-Facility law library. Plaintiff stated that the old computers were removed on January 7, 2014, but as of January 24, 2014, when plaintiff completed this motion, the new computers had not been installed; moreover, plaintiff stated that during this period the available written materials were inadequate to support plaintiff's legal

research in this action.

This court directed defendants to ascertain the status of the installation of the new computer system. (ECF No. 37.)  In response, on March 6, 2014, defendants filed an opposition to plaintiff's motion.  (ECF No. 38).  Defendants state that the new computers were available for use on January 23, 2014.  (ECF No. 38-1 at 1 (Decl. of D. Hamad, Principal of the CSP-SAC Education Department, and Overseer of the Facility-C Law Library, ¶ 2).)  Thus, the Facility-C law library lacked computers for a period of sixteen days, during which plaintiff had access to written legal materials upon request.  (Hamad Decl. ¶¶ 2, 3.)  Library records show that plaintiff requested and reviewed case law and statutes on January 7, 18, 21 and 22, 2014.  (Id., ¶ 4; and attached exhibits.)  In addition, plaintiff also worked in the library on January 9, 11, and 15.  (Id.)

As emphasized by the Supreme Court, "[a] preliminary injunction is an 'extraordinary and drastic remedy,' 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, p. 129 (2d ed.1995) (footnotes omitted); it is never awarded as of right, Yakus v. United States, 321 U.S. 414, 440 (1944)." Munaf v. Geren, 553 U.S. 674, 689-90 (2008).  "The sole purpose of a preliminary injunction is to "preserve the status quo ante litem pending a determination of the action on the merits." Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir. 1980)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).  Moreover, the Prison Litigation Reform Act ("PLRA") requires that prisoner litigants meet the following additional requirements in order to obtain preliminary injunctive relief from prison officials. "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

In the present action, it is clear not only that plaintiff has met none of these requirements, but that the remedy he seeks is now moot.  Plaintiff's motion for preliminary injunctive relief will

therefore be denied.

Nevertheless, in deference to plaintiff's concerns and for good cause shown (and in anticipation of any reply that plaintiff may file in response to defendants' opposition), the court will extend by one month the deadlines for completing discovery, and for filing dispositive motions, in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for preliminary injunctive relief (ECF No. 36), is denied as moot.

2. The deadlines set forth in the Scheduling Order filed July 24, 2013 (ECF No. 21), as extended by order filed December 17, 2013 (ECF No. 34), are hereby extended as follows:

   a. The discovery deadline in this action is extended to April 11, 2014.

   b. The dispositive motion deadline in this action is extended to June 20, 2014.

Dated: March 10, 2014

/mosl.0270.tro.deny

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE