UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON V. MOSLEY, | No. 2:13-cv-00270-KJN P |
| Plaintiff, | |
| v. | ORDER |
| ANDREW NANGALAMA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner at California State Prison-Sacramento (CSP-SAC), who proceeds without counsel and in forma pauperis in this civil rights action.[1]  By separate order, the court will schedule a settlement conference in this case, which will be held on June 11, 2014. Several matters require resolution prior to the settlement conference.

This action proceeds on plaintiff's original complaint filed February 12, 2013.  (ECF No. 1.)  Defendants have answered the complaint.  (ECF No. 20.)  The extended time for conducting discovery expired on April 11, 2014 (see ECF Nos. 21, 34, 39), with the possible exception of authorizing service of a limited number of subpoenas duces tecum (ECF No. 45).  The dispositive motion deadline will expire on June 20, 2014 (ECF No. 39).

////

---

[1] This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302(c).

1    Currently pending are the following matters:  (1) plaintiff's request for a copy of his
2    deposition transcript; (2) plaintiff's request for an order authorizing the United States Marshal to
3    serve his proposed subpoenas; and (3) plaintiff's motion authorizing depositions upon written
4    questions.  Plaintiff has also filed the following additional matters:  (4) a proposed First Amended
5    Complaint (FAC); (5) a motion for preliminary injunction; and (6) motion for appointment of
6    counsel.  These matters are addressed ad seriatim.

7    1. Plaintiff's request for a copy of his deposition transcript

8    In response to plaintiff's request for a copy of his deposition transcript (ECF No. 46), the
9    court informed plaintiff that it is without authority to provide a free copy of the transcript; the
10   court also noted that the court reporter was required to provide plaintiff with a provisional copy of
11   the transcript only if plaintiff made a request to review it before the conclusion of his deposition,
12   Fed. R. Civ. P. 30(e)(1).  (See ECF No. 47.)  The court directed defendants to file and serve a
13   statement indicating whether plaintiff had requested, prior to the conclusion of his January 30,
14   2014 deposition, to review the transcript.  (Id.)

15   Defendants responded in an "Opposition" to plaintiff's motion, and informed the court
16   that plaintiff did not request a Rule 30(e) review before completion of the deposition.  (See ECF
17   No. 49 and attachments, including Counsel Decl. ¶ 2; Harrity Decl. ¶¶ 3-5, Exh. A (Reporter's
18   Certificate).)  Therefore, plaintiff's only option is to request a copy of his deposition transcript
19   from the court reporter/deposition officer and pay the required fee.  Any proposed (and belated)
20   changes to the transcript must also be addressed to the court reporter/deposition officer.  See Fed.
21   R. Civ. P. 30(e).

22   Accordingly, plaintiff's request for a copy of his deposition transcript (ECF No. 46), is
23   denied.

24   2. Plaintiff's request for an order authorizing service of proposed subpoenas

25   By order filed April 11, 2014, plaintiff was directed to submit, within fourteen days, his
26   proposed subpoenas duces tecum, together with a motion requesting an order authorizing service
27   of the subpoenas by the United States Marsha.  Plaintiff was informed that the court would then
28   determine whether the proposed subpoenas are appropriate for service by the Marshal.

1    Plaintiff timely submitted proposed subpoenas, but without a supporting motion.  (See
2 ECF No. 53 (Notice of Submission of Documents).)  Review of the four proposed subpoenas
3 indicates that they are directed to each defendant, as well as to third parties Dr. Sahota and Dr.
4 Shimozaki.  Each subpoena broadly requests the production of relevant documents, and also
5 notifies each party that they will be deposed, and their testimony audio or video recorded.

6    These proposed subpoenas are inadequate for several reasons.  The document requests are
7 not sufficiently specific.[2]  Moreover, the documents requested of defendants should have been
8 timely sought and produced pursuant to the regular discovery process.  Had plaintiff sought only
9 specific documents from third parties Sahota and Shimozaki, the subpoenas may have been
10 adequate.  However, inclusion of deposition notices renders all the subpoenas inadequate for the
11 following reasons.

12 3. Plaintiff's motion authorizing depositions upon written questions

13    Plaintiff moves for authorization to convene depositions upon written questions, for both
14 defendants (Dr. Nangalama and R.N. Linggi), as well as nonparties Dr. Sahota and Dr.
15 Shimozaki.  Plaintiff requests that the responsive testimony of these individuals be recorded by
16 audio or video tape, "so [as] to obtain direct testimony from defendant[]s rather than their[]
17 attorney."  (ECF No. 48 at 2.)

18    Discovery, with the limited exception of the noted subpoenas duces tecum, has expired in
19 this action.  In addition, as defendants note in their opposition to this motion (ECF No. 54),
20 plaintiff has not followed the appropriate procedure for convening depositions upon written
21 questions.  See Fed. R. Civ. P. 31.  As recently explained by another magistrate judge in this

---

[2] Plaintiff's proposed subpoenas attempt to obtain, from each defendant, the following documents:  "To produce and permit inspection and copying of designated books, documents, or tangible things in the possession custody or control of that person.  Doctor order [concerning] Orthopedic.  Podiatry.  Progress Note."

From third party Dr. Sahota, plaintiff requests:  "Production of Document.  Progress Note – Doctor Order Orthopedic, and Podiatry from 1.1.13 to present."

From third party Dr. Shimozaki, plaintiff requests:  "All progress note.  Doctor order. Orthopedic.  Podiatry.  All written statements that you may have received from any person concerning this issues (sic) of this lawsuit."

3

court:

> Rule 30 of the Federal Rules of Civil Procedure governs the procedure by which depositions are taken by oral examination. "A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). "The party who notices the deposition must state in the notice the method for recording the testimony." Fed. R. Civ. P. 30(b)(3)(A). The noticing party must also bear costs of recording the deposition. Id. In addition, that party must arrange for an officer to conduct the depositions (absent a stipulation by all parties otherwise). Fed. R. Civ. P. 30(b)(5)(A). The court cannot order defendants to arrange for plaintiff to take their depositions. On the other hand, plaintiff does not require the court's permission to take defendants' depositions.
>
> Depositions by written questions must be taken pursuant to the procedures set forth under Fed. R. Civ. P. 31. The procedure would involve plaintiff sending out a notice of deposition identifying "(a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur." Lopez v. Horel, 2007 WL 2177460 n.1 (N.D. Cal. July 27, 2007) aff'd, 367 Fed. Appx. 810 (9th Cir. 2010). There would then be an opportunity for the parties to exchange written cross-examination questions for the witness, followed by written re-direct questions, and then written re-cross-examination questions. Id. The questions would then be sent to the deposition officer who would depose the witness with the scripted questions. Id. As for an oral deposition, the responses are reported and the transcript prepared by a court reporter. Id.
>
> "To obtain a deposition upon written questions, the prisoner thus has to pay the . . . deposition officer fee, court reporter fee, and the cost of a transcript of the proceedings." Id. In any event, to obtain either an oral or written question deposition, plaintiff must follow the applicable rule. Leave of court is unnecessary and the motion is denied on that basis.

Pitts v. Davis, 2014 WL 29723, *9-10 (E.D. Cal. Jan. 3, 2014) (fn. omitted).

Moreover, "[p]laintiff's in forma pauperis status . . . does not entitle him to waiver of witness fees, mileage or deposition officer fees." Id. at *10 n.2 (citations and internal quotation marks omitted).

Plaintiff's subpoenas/deposition notices do not provide a date or time (they do indicate that the depositions and production are to take place at CSP-SAC); they do not identify a deposition officer (although they list, inexplicably, that a "William Douglas" is serving as plaintiff's attorney); nor do they provide a list of the questions to be asked at the deposition. While leave of court is not required for plaintiff to arrange for, and serve, deposition subpoenas

on his own, the court will not authorize the service of the instant inadequate subpoenas by the Marshal.

For these reasons, plaintiff's requests for an order authorizing service of his proposed subpoenas, either for production of documents or for depositions upon written questions (see ECF Nos. 41, 48), are denied without prejudice.

4. Plaintiff's Proposed First Amended Complaint

Plaintiff has submitted a proposed First Amended Complaint (FAC). (ECF No. 50.) However, plaintiff may not amend the operative complaint without defendants' written consent, or the court's approval. See Fed. R. Civ. P. 15. Plaintiff has not obtained defendants' written consent.

Therefore, the court construes the submission of plaintiff's FAC as an implicit request for leave of court to file and serve the proposed FAC. The request is denied for the following reasons.

First, discovery on the operative complaint has concluded. It would be prejudicial to defendants to re-commence discovery and the dispositive motion deadlines in this action.

Second, the proposed FAC seeks to add a third defendant, CSP-SAC Warden Tim Virga, but without any charging allegations other than that "[h]e is legally responsible for the operation of California State Prison and for the welfare of all the inmates of that prison." (ECF No. 50 at 2.) Thus, it is apparent that plaintiff seeks to name Warden Virga only in his supervisory role. There is no respondeat superior liability under Section 1983. "Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability. A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989) (citations omitted). Plaintiff's proposed FAC makes no such allegations against Warden Virga. Therefore, naming Warden Virga as another defendant in this action would serve no purpose, and does not support amendment of plaintiff's complaint.

////

1          Third, plaintiff seeks to add an unsupported First Amendment retaliation claim against
2  defendant Nangalama, in addition to his current Eighth Amendment deliberate indifference
3  claims against defendants Nangalama and Linggi.  Plaintiff alleges summarily that Dr.
4  Nangalama "ignored" plaintiff's serious medical needs, in retaliation for plaintiff using the prison
5  grievance process.  (See ECF No. 50 at 8.)  Review of plaintiff's exhibits indicates that Dr.
6  Nangalama issued the First Level Review decision of plaintiff's relevant administrative
7  grievance.  (See ECF No. 50 at 38-9.)  While Dr. Nangalama indicated that plaintiff was "very
8  demanding, forceful and not listening to advice" during the appeal interview, despite the
9  additional presence of Supervising Nurse Dixon, Nurse Hester, the medical technician, and
10 Custody Officer Prasinos, his decision appears to address the substance of plaintiff's relevant
11 medical problems.[3]  Moreover, the proposed FAC makes no other allegations from which to infer
12 that Dr. Nangalama's challenged medical care of plaintiff was retaliatory.  Because plaintiff's
13 additional allegations against defendant Nangalama fail to state a cognizable retaliation claim,
14 this putative claim does not support amendment of plaintiff's complaint.
15         For these reasons, the court finds that plaintiff has failed to demonstrate good cause
16 warranting amendment of the operative complaint.  The Clerk of Court will be directed to strike
17 plaintiff's proposed First Amended Complaint.
18 5. Plaintiff's Motion for Preliminary Injunction
19         Plaintiff moves for an "emergency preliminary injunction/technical restraining order to
20 compel defendants to provide adequate medical treatment" to plaintiff.  (ECF No. 51.)  Plaintiff
21 seeks the issuance, at state expense, of custom-made orthopedic shoes, including custom-made

---

[3] Dr. Nangalama stated in pertinent part (ECF No. 50 at 38):

> I have referred you to podiatry to determine your foot problems and to decide what type of shoes you may need.  Referral will be submitted to the MAR [Medical Authorization Review] committee for further decision.  You are now on methadone 5 mg po twice a day; Ibuprofen 600 mg po three times a day as needed; and Tylenol 325 mg, 2-3 tablets po as needed.  Your physical examination has been benign and there is no indication for accelerated methadone increase.

arch supports, as recommended by at least one consulting podiatrist.  Plaintiff also seeks additional medications to treat his pain, including narcotic medication, analgesic balm, and glucosamine-chondroitin.  (See id., and ECF No. 51-2 (Proposed Order).)

As plaintiff notes, these very matters have been pending in this action since its commencement.[4]  In light of the imminent settlement conference in this action, when plaintiff can discuss these matters directly with defendants' counsel and the court, the undersigned finds that preliminary injunctive relief is unwarranted at this juncture; any urgency in these matters has dissipated, and injunctive relief is not needed to preserve the status quo pending final resolution of this action.[5]

Accordingly, the undersigned denies plaintiff's request for injunctive relief without prejudice to its renewal, and additional review by a district judge, should this action fail to settle.

6.  Plaintiff's Motion for Appointment of Counsel

Plaintiff requests appointment of counsel.  While district courts may not require counsel to represent indigent prisoners in Section 1983 cases, Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989), in exceptional circumstances, the court may request that an attorney voluntarily represent a civil rights plaintiff, 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017

---

[4] As the court found on screening (ECF No. 6 at 2):

> The complaint appears to state potentially cognizable claims for relief . . . based on plaintiff's allegations that defendants Dr. A. Nangalama, M.D., Ph.D., and RN Linggi, Appeal Nurse, were deliberately indifferent to plaintiff's serious medical needs, specifically, plaintiff's alleged need for increased pain medication, and for replacement orthotic shoes; plaintiff's original orthotic shoes were medically prescribed but allegedly misplaced by custody staff on August 7, 2010 [].  Plaintiff seeks money damages, replacement orthotic shoes, and increased pain medication.  The court will order service of process on defendants Nangalama and Linggi on these Eighth Amendment claims.

[5] A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action.  Fed. R. Civ. P. 65; Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).

1  (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When

2  determining whether such "exceptional circumstances" exist, the court must consider plaintiff's

3  likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

4  se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970

5  (9th Cir. 2009).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.

6  Circumstances common to most prisoners, such as lack of legal education and limited law library

7  access, do not establish exceptional circumstances warranting appointment of counsel.

8  　　　Plaintiff requested appointment of counsel at the outset of this case (ECF No. 3), which

9  was denied without prejudice (ECF No. 6), on the ground that plaintiff had demonstrated no

10  exceptional circumstances warranting appointment.  At that time, plaintiff's request was a one-

11  page form asserting that appointment was warranted "so that my interests may be protected by the

12  professional assistance required."  (Id. at 3 (citing ECF No. 3 at 1).).

13  　　　Plaintiff again moves for appointment of counsel, now on the following grounds:  plaintiff

14  is unable to afford counsel; plaintiff's imprisonment "greatly limit[s] his ability to litigate;"

15  plaintiff has to share the assistance of inmate law clerks; plaintiff has a "limited formal

16  education;" plaintiff has "limited access to the law library" due to frequent lockdowns and being

17  housed on "Level 4;" plaintiff has "limited knowledge of the law;" the issues in this case are

18  allegedly complex; "[a] trial in this case will likely involve conflicting testimony and counsel

19  would better enable plaintiff to present evidence and cross examine witnesses;" and "[p]laintiff

20  has made repeated efforts to obtain a lawyer."  (ECF No. 52.)

21  　　　The court finds these reasons for requesting appointment of counsel indistinguishable

22  from the reasons asserted by most prisoners.  Nor are the issues in this case complex – the

23  complaint alleges succinct and straightforward Eighth Amendment claims.  Indeed, upon

24  screening the complaint, the court noted that "these matters may be resolved informally, and

25  encourages defendants to pursue this alternative."  (ECF No. 6 at 2 n.1.)  The court again finds

26  that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting

27  appointment of counsel.  His request (ECF No. 52), will be denied without prejudice.

28  ////

7. <u>Conclusion</u>

    For the foregoing reasons, IT IS HEREBY ORDERED that:

    1.  Plaintiff's request for a free copy of his deposition transcript (ECF No. 46), is denied.

    2.  Plaintiff's request for an order authorizing service of his proposed subpoenas, including his notices of depositions upon written questions (ECF Nos. Nos. 41, 48), is denied without prejudice.

    3.  Plaintiff's motion for preliminary injunctive relief (ECF No. 51), is denied without prejudice.

    4.  Plaintiff's motion for appointment of counsel (ECF No. 52), is denied without prejudice.

    5.  The Clerk of Court is directed to strike plaintiff's proposed First Amended Complaint (ECF No. 50).  This action shall proceed on plaintiff's original complaint.  (ECF No. 1.)

Dated:  May 9, 2014

/mosl.0270.all

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE